**NOT FOR PUBLICATION**

FILED

OCT 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELLIEMARIA TORONTO ESA, derivatively on behalf of NortonLifeLock, Inc.,

Plaintiff-Appellant,

v.

NORTONLIFELOCK, INC. et al.,

Defendants-Appellees.

No. 21-16909

D.C. No. 3:20-cv-05410-RS

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Submitted October 20, 2022**
San Francisco, California

Before: S.R. THOMAS and M. SMITH, Circuit Judges, and McSHANE,*** District Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

EllieMaria Toronto Esa appeals the district court's dismissal of her state-law claims on *forum non conveniens* grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The parties' familiarity with the record is assumed, and the applicable standards of review are well established. *See, e.g.*, *Lee v. Fisher*, 34 F.4th 777, 780 (9th Cir. 2022) (abuse-of-discretion review for *forum non conveniens* dismissals); *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (*de novo* review for interpretation of forum-selection clauses).

NortonLifeLock's bylaws contain a forum-selection clause requiring all derivative actions against it to proceed in Delaware state court except, as relevant here, "actions in which a federal court has assumed exclusive jurisdiction of a proceeding." Esa filed a derivative action in the Northern District of California, alleging violations of Delaware law and Section 14(a) of the Securities Exchange Act—a claim over which federal courts have exclusive jurisdiction. *See* 15 U.S.C. § 78aa(a). The district court severed Esa's state-law claims from her Section 14(a) claim and then dismissed the severed state-law claims without prejudice to their reassertion in Delaware state court pursuant to the forum-selection clause. The district court then dismissed without prejudice the remaining Section 14(a) claim on demand-futility grounds and, alternatively, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On appeal, Esa challenges only the

district court's *forum non conveniens* dismissal of the severed state-law claims.[1]

The district court properly dismissed Esa's state-law claims on *forum non conveniens* grounds after concluding that the exception to the forum-selection clause did not apply. As we have recognized, severance creates two separate actions. *See Munns v. Kerry*, 782 F.3d 402, 415 (9th Cir. 2015) (instructing district court on remand to, first, sever certain claims and, second, transfer them to the Court of Federal Claims, in compliance with a statutory provision applicable only to the transfer of an entire "civil action"). Therefore, by severing the state-law claims from the Section 14(a) claim, the district court produced two separate actions: one composed of Esa's Section 14(a) claim, and another composed of her state-law claims. The latter action contained no federal claims, let alone one with an exclusive-jurisdiction provision, and thus was not an "action[] in which a federal court has assumed exclusive jurisdiction." Because the forum-selection clause applied by its terms to Esa's state-law action and Esa did not contend that the clause was void or unenforceable, dismissal pursuant to the clause was

[1] While Esa argues in her reply brief that the district court abused its discretion in severing the state-law claims, she did not raise that issue in her opening brief and thus waived it before this court. *See, e.g.*, *Barnes v. FAA*, 865 F.3d 1266, 1271 n.3 (9th Cir. 2017). Moreover, Esa's argument that the district court did not sever pursuant to Federal Rule of Civil Procedure 21 is unavailing. While the district court did not expressly cite Rule 21, that Rule *is* the source of district courts' authority to sever claims—and thus what allowed the court to do so here. *See* Fed. R. Civ. P. 21 ("The court may also sever any claim against a party.")

appropriate.[2]

**AFFIRMED**. Appellees' motion for judicial notice and incorporation by reference (Dkt. No. 21) is **DENIED AS MOOT**.

[2] Because severance created two separate actions, we need not consider whether—by ruling on demand-futility and, in the alternative, on failure to state a claim—the district court "assumed" jurisdiction over Esa's Section 14(a) action for purposes of the forum-selection clause. Any assumption of jurisdiction over the Section 14(a) action would have no bearing on whether the court assumed jurisdiction of the state-law action that was dismissed pursuant to the forum-selection clause.